UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMAD ASHRAF MOHAMMAD OMAR, | : | |
| Petitioner | : | |
| | : | No. 1:17-CV-00910 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Kane) |
| Respondent | : | |

## MEMORANDUM

### I. BACKGROUND

On May 23, 2017, pro se Petitioner Mohammad Ashraf Mohammad Omar, a federal inmate presently confined at the Allenwood Federal Correctional Institute in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)

Petitioner challenges his conviction and sentence imposed by the United States District Court for the Eastern District of Virginia for conspiracy to import and distribute heroin for purposes of importation, in violation of 21 U.S.C. §§ 952(a), 959, and 963 (Count I), and conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §846 (Count II).[1] Specifically, Petitioner seeks to vacate his conviction under Count II of the indictment on the basis that this conviction under 21U.S.C. §846 is a lesser included offense of 21 U.S.C. §§952(a) and 963. Petitioner also alleges that the district court erred in applying a sentencing enhancement pursuant to 21 U.S.C. § 851 for prior felony drug convictions because Petitioner

---

[1] On May 16, 2008, Petitioner was sentenced to 292 months in prison, which was subsequently reduced to 240 months due to the U.S. Sentencing Commission's 2014 amendment to U.S.S.G. § 2D1.1.

1

did not commit an overt act in furtherance of the charged conspiracy after the date of his felony drug conviction.

A review the petition, as well as PACER, the online national index providing public access to court electronic records, reveals that Petitioner previously attempted to challenge his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. It appears that Petitioner now seeks habeas relief in this Court pursuant to the "savings clause" of § 2255.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[2] For the reasons set forth below, the petition will be dismissed summarily.

## II. DISCUSSION

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Swain v. Pressley, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody

---

[2] Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)).

Conversely, a federal prisoner may challenge the execution of his sentence, such as a claim concerning the denial or revocation of parole, or the loss of good-time credits, by filing a § 2241 petition in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

However, if it the Petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." Brown, 167 F. Supp. 2d at 726; see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). The Third Circuit has also noted that extraordinary

3

circumstances may justify invoking the savings clause. Id. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52. "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986).

Here, Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. Indeed, his claims do not fall within the purview of the savings clause, as he has neither demonstrated that an intervening change in the law made his underlying conviction non-criminal, nor has shown that other extraordinary circumstances warrant relief. Moreover, Petitioner has not identified why he did not previously raise these claims in his §2255 motion before the sentencing court.[3] Thus, the Court will dismiss Petitioner's § 2241 petition without prejudice to any right he may have to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court.

## III. CONCLUSION

---

[3] Petitioner cites to Mathis v. United States, 136 S. Ct. 2243 (2016), ostensibly for the proposition that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the Armed Career Criminal Act ("ACCA"), if an element of the crime of conviction is broader than an element of the generic offense. However, Mathis is inapplicable in this case, as a review of Petitioner's underlying criminal proceedings reveal that Petitioner did not receive an enhancement under the ACCA, but rather, pursuant to 21 U.S.C. § 851. United States et al. v. Aryeetey et al., No. 1:07-CR-00425-3 (E.D. Va. 2007). Accordingly, Petitioner's reliance on Mathis is without merit.

4

Based on the foregoing, the petition (Doc. No. 1), will be **DISMISSED WITHOUT PREJUDICE** to the Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h) as they may apply. Because Petitioner is not detained by virtue of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.